63    553
101   1579
101   1581

## Frank B. Layton v. Mary Deck.

1. MASTER AND SERVANT—*Disobedience of the Servant does not Relieve the Master from Responsibility.*—It is the duty of the servant to obey the instructions of the master, but his disobedience does not exonerate the master from liability to respond for any actual damages occasioned thereby.

2. EXCESSIVE DAMAGES—*How the Question is to be Raised.*—Where no complaint is made, in a motion for a new trial, that the damages are excessive, the question can not be raised in the Appellate Court.

**Trespass on the Case.**—Sales of intoxicating liquor. Appeal from the Circuit Court of Champaign County; the Hon. FRANCIS M. WRIGHT, Judge, presiding. Heard in this court at the May term, 1895. Affirmed. Opinion filed January 11, 1896.

### STATEMENT OF THE CASE.

The action below was case by the appellant to recover, under the provisions of the "dram shop" act, damages occasioned to her means of support by the intoxication of her husband, and, as alleged in one count, by his death in consequence of such intoxication.

Appellant kept a drug store, and the evidence tended to show and satisfied the jury, he sold John Deck, husband of

appellee, alcohol which caused him to become intoxicated and to neglect his business, waste his time and money. The evidence also tended to show said Deck came to his death from the effects of laudanum, taken in excessive quantity, while under the influence of alcohol procured of the appellant.

Verdict and judgment for $500, and appeal to this court.

LAWRENCE & LAWRENCE, attorneys for appellant.

SALMANS & DRAPER, attorneys for appellee.

MR. JUSTICE BOGGS DELIVERED THE OPINION OF THE COURT.

A witness, denominated by counsel for appellant " a rival druggist," was introduced by appellant. His examination in chief disclosed the fact he and appellant were engaged in the business of selling drugs, etc., in same village, and that both kept alcohol in stock. Upon cross-examination counsel for appellee asked the witness if he had ever sold alcohol to John Deck and received a reply in the negative. Counsel then asked " or to any of his family? " to which the witness again replied in the negative.

Counsel then asked " or to any one else? " and the witness made like answer as before.

After this last reply had been made, counsel for appellant objected and moved the court to exclude all of the questions and answers. The court ruled the testimony was received without objection at the proper time and refused to exclude it.

If this was error, it is certainly not so grievous as to warrant reversal.

Evidence had been introduced by the appellee showing Deck obtained alcohol, and tending to show he got it at appellant's drug store.

The testimony of the witness in question disclosed the fact alcohol was kept at the same time at another drug store in the village, from which an inference might arise Deck procured the alcohol there.

Under such circumstances we do not think it was improper for appellee to inquire whether the witness had let Deck have alcohol.

The fifth instruction is not open to the criticism that it assumes Deck was intoxicated. It leaves that as a question to be determined from the proof.

It is complained the sixth instruction is faulty in that it declares the appellant answerable for sales made by himself or his servants or employes, without advising the jury appellant should only be held liable for the acts of his servants and employes done within the scope of their employment.

Evidence upon behalf of the appellant tended to show his employes were under strict orders not to sell alcohol under any circumstances.

Other testimony tended to show his prescription clerk had sold such liquor to said Deck. There was no testimony tending to show sales by any other employe.

The instruction therefore had reference to the liability of appellant for the act of his prescription clerk.

It was within the scope of the duties of this servant to sell alcohol compounded with other drugs, or no doubt to sell it upon prescription. When we consider all the testimony it is apparent the direction of his principal was he should not sell it for other purposes.

It was his duty to obey such instructions, but his disobedience would not exonerate the master from liability to respond for any actual damages occasioned thereby. Keedy v. Howe, 72 Ill. 133.

The instruction under consideration and instruction No. 10 being the only instructions declaring liability because of the acts of the servant of the appellant, limited such liability to damages actually sustained by the plaintiff.

We have examined instruction No. 11 and 11½, and 13, being the only instructions having reference to the award of exemplary damages.

The criticism upon them, that they advise the jury exemplary damages should be awarded if the appellant acted willfully or wantonly or with reckless disregard of the con-

sequences of his acts, is not well grounded. No such inference can fairly be drawn from them.

Upon the contrary, in one of the instructions it is expressly stated such damages do not follow an unlawful act as a matter of right, and the only direction to the jury in any of them is they may award punitive damages.

Aside from this the jury only allowed damages in the sum of $500, and no complaint was made in the motion for a new trial, the amount was excessive. There is no room to indulge the supposition any sum was allowed for vindictive damages.

No objection by way of demurrer was made to the declaration or either count thereof.

The supposed defects in the second count now sought to be availed of are of such character they are cured by a verdict according to the familiar and well settled rule.

The real issue in the case was one of fact. It was determined by the jury adversely to the appellant upon conflicting evidence and under instructions which fairly presented the law.

The facts disclosed by the evidence as accepted by the jury showed the appellant was at least indirectly engaged in selling intoxicating liquors. The principles announced in Cruse v. Aden, 127 Ill. 231, have no application to the case.

The judgment must be and is affirmed.