# Gertrude Parsons, Appellant, v. Nicholas Smith et al., Appellees.

## Gen. No. 5528.

1. DRAM-SHOPS—*who jointly liable in action for injury to means of support.* If the husband of plaintiff was injured and died because of intoxication produced by intoxicating liquors sold to him, then all persons who sold him liquor materially contributing to that intoxication and all owners of the premises wherein the liquor was sold, if they knowingly consented to such use of such premises, are jointly liable with the parties who sold such liquor to plaintiff's husband.

2. DRAM-SHOPS—*against whom action lies for injury to means of support.* The remedy provided by statute is not confined to suits against licensed saloon-keepers but is given against all persons engaged in the sale of intoxicating liquors.

3. DRAM-SHOPS—*what not defense to action for injury to means of support.* A party causing intoxication in whole or in part cannot escape liability for damages to the means of support caused by such intoxication because he may not reasonably have foreseen the consequence of intoxication produced by such sales.

4. PLEADING—*when alternative allegation immaterial.* Alternative pleading is a defect in form only when the facts so alternatively stated are material.

Action in case.    Appeal from the Circuit Court of Marshall county; the HON. T. N. GREEN, Judge, presiding.    Heard in this court at the April term, 1911.    Reversed and remanded.    Opinion filed October 13, 1911.

**Statement by the Court.** In October, 1907, Gertrude Parsons began a suit in case against Nicholas Smith and Christian Henning seeking to recover damages for injury to her means of support caused by the death of her husband while in an intoxicated condition. A declaration containing one count was filed averring that the liquor that caused Parson's intoxication was sold to her husband by Nicholas Smith, the keeper of a dram-shop in a building owned by Christian Henning,

and that plaintiff had because of such intoxication been injured in her means of support. After a demurrer had been sustained to the declaration and also to an amended declaration, the plaintiff in July, 1909, filed an amended count making additional parties and averments. The defendants filed a demurrer to the declaration as amended. At the May term, 1910, leave was granted to plaintiff to file an additional count, which was filed, and on June 24, 1910, an order was made on motion of the defendant that the demurrer to the amended declaration stand as a demurrer to the additional count.

The amended count avers, that Nicholas Smith on, to-wit, August 16, 1906, in a certain building occupied by him did sell and give intoxicating liquor to John Parsons, thereby causing in whole or in part, or did contribute to then and there cause the intoxication of John Parsons; that Christian Henning, the owner of said building so occupied by said Nicholas Smith, knowing that intoxicating liquors were being sold or to be sold therein did knowingly permit the selling and giving of intoxicating liquors aforesaid by said Smith to said Parsons; that in consequence of the intoxication aforesaid and by reason of his being so intoxicated, said Parsons engaged in a quarrel and fight with said Smith and by reason of such intoxication, struggle and fight said Parsons fell or was knocked down and injured and as a consequence thereof died; that Parsons was the lawful husband of plaintiff and supplied her with the necessaries and comforts of life and by reason of his death she has been injured in and deprived of her means of support, etc. The count makes similar averments as to other defendants selling intoxicating liquor to said Parsons then and there contributing to his intoxication.

The additional count avers the selling of intoxicating liquor by the several defendants to said Parsons,

and that such selling of intoxicating liquors did cause and contribute to cause the said Parsons to become intoxicated and that said sales and intoxication occurred within the space of two hours; that in consequence of the intoxication aforesaid said Parsons engaged in a dispute and scuffle with said Smith and in said dispute and scuffle by reason of said intoxication he fell violently to the ground causing such injuries that he died thereof; that said Parsons was the husband of plaintiff and contributed to her support and by reason of his death she has been injured in her means of support etc.

The defendants, Nicholas Smith, Christian Henning, Charles Simpson and John A. Burcham filed a joint demurrer containing special causes:

(1) "That it is in and by said declaration endeavored to hold the defendants Christian Henning and John A. Burcham jointly liable with the defendants Nicholas Smith and Charles Simpson and other defendants herein, contrary to law as shown by the alleged facts as set forth in the declaration."

(2) "It is endeavored by said declaration to hold said Henning and Burcham jointly liable with said Nicholas Smith and said other defendants for acts done in part by third parties neither the said Henning nor the said Smith nor the said Burcham."

(3) The declaration is insufficient and uncertain.

(4) "Said declaration pleads the facts set up in the alternative and does not plead any specific facts directly as a fact."

(5) The declaration endeavors to recover for the pretended loss by the plaintiff of certain property and for injury thereto and does not show the plaintiff to be the owner of any property.

The joint demurrer of the remaining defendants contains only the first of the foregoing enumerated causes. The court sustained the demurrer of the defendants and rendered judgment against the plaintiff who appeals to this court.

D. H. GREGG and J. L. MURPHY, for appellant.

E. D. RICHMOND, H. H. DICUS, HENRY E. JACOBS, TRACEY & TRACEY and BARNES & MAGOON, for appellees.

MR. PRESIDING JUSTICE GEORGE W. THOMPSON delivered the opinion of the court.

Plaintiff avers in her declaration that Smith and others of the defendants sold intoxicating liquor to her husband, causing him to become intoxicated, and that in consequence of such intoxication her husband engaged in a quarrel and struggle, and by reason of such intoxication her husband fell or was knocked down, and his head injured on a sidewalk, and that his death was caused thereby, and that she has been injured thereby by the loss of her means of support.

It is contended that some of the defendants cannot be held jointly liable with other defendants. The cause of action is based on the provisions of section 9 of the dram-shop act. This section provides that a wife injured in her means of support in consequence of the intoxication of any person shall have a right of action against the persons jointly who, by selling intoxicating liquor, caused in whole or in part such intoxication, and the persons leasing any premises, having knowledge that intoxicating liquor is to be sold therein, shall be severally or jointly liable with the persons selling liquor therein for all damages sustained. (Sec. 9 of Dram-Shop Act.) If the husband of appellant was injured and died because of intoxication produced by intoxicating liquor sold to him, then all persons who sold him liquor materially contributing to that intoxication and all owners of the premises wherein the liquor was sold, if they knowingly consented to such use of such premises, are jointly liable with the parties who sold such liquor to plaintiff's husband. Emory v. Addis, 71 Ill. 273; Stanley v. Leahy, 87 Ill. App. 465.

It is also contended by appellees that the amended

declaration is defective because it does not aver that any of the defendants are keepers of a dram-shop. This cause is not named in any of the special causes of demurrer. While the act is ordinarily described as the dram-shop act, yet such is not its legal title; it is "An act to provide for the licensing of, and against the evils arising from the sale of intoxicating liquors." Section 9 gives a remedy to every husband, wife,.child, etc., who shall be injured in person, property or means of support by an intoxicated person or in consequence of the intoxication of any person against any person or persons who shall by selling or giving intoxicating liquor, etc. The remedy is not confined to suits against licensed saloon keepers but is given against all persons engaged in the sale of intoxicating liquors. The sale by a grocery merchant of lemon extract, which was intoxicating, to be used as a beverage, has been held to sustain a cause of action under this section. Walker v. Dailey, 101 Ill. App. 575. It was not necessary to aver that any of the defendants were keepers of a dram-shop but the averment that they sold intoxicating liquor to plaintiff's husband which caused his intoxication, in whole or in part, was sufficient.

The fourth cause of demurrer is that the declaration pleads facts in the alternative. There are but two matters pleaded in the alternative: (1) That Parsons "fell or was knocked down" and injured, and (2) that "defendant, John Burcham, was the owner of the said building and premises occupied by said Charles Simpson or had leased and let said building to said Simpson as aforesaid and was the lessor thereof * * * and knowingly permitted in and on said building and premises the selling" etc. Alternative pleading is a defect in form only when the facts so alternatively stated are material. 6 Encyc. of Pl. and Pr. 268; Gould on Pl. chap. 3, note 14; Shipman's Common Law Pl. sec. 346. It is not material whether Parsons fell or was knocked down. The material averment is

that in consequence of such intoxication he was injured and plaintiff was thereby injured in her means of support. The special demurrer was properly sustained as to Burcham only, on the ground that the pleading as to the premises the liquor was sold on, was as to him alternative on a material fact, but it should have been overruled as to the other defendants.

Both counts of the declaration aver that plaintiff was injured in and deprived of her means of support and injured in and deprived of her property. There is no averment of facts showing that plaintiff was injured in and deprived of her property; that part of the declaration which avers injury to her property is but a conclusion and the demurrer being special should be sustained as to so much of the declaration only as claims "injury to her property," but should be overruled as to the damages to her means of support.

It is also contended on behalf of appellees that the death of Parsons was not the natural consequence of the sale of liquor and could not be reasonably foreseen. A party causing intoxication in whole or in part cannot escape liability for damages to the means of support caused by such intoxication because he may not reasonably have foreseen the consequence of intoxication produced by such sales. Roth v. Eppy, 80 Ill. 283; King v. Haley, 86 Ill. 106; Schroder v. Crawford, 94 Ill. 357; Meyer v. Butterbrodt, 43 Ill. App. 312; Marschall v. Laughran, 47 Ill. App. 29. It was a question of fact for a jury whether the death of plaintiff's husband was caused by and in consequence of his intoxication as averred, and while the declaration is somewhat argumentative in that regard, yet argumentativeness cannot be taken advantage of by a general demurrer. 6 Encyc. of Pl. and Pr. 268. The court properly sustained the special demurrer of defendant Burcham, but erred in overruling it as to all the other defendants except as to so much of the declaration as claimed damages to the property of appellant. The judgment is reversed and

the cause remanded for further proceedings in conformity with this opinion.

*Reversed and remanded.*