Floyd Miller, Individually, and for the Use and Benefit of Cecil Miller, et al., Individually, and Cheryl Lynn Mouser, et al., Minors, by Doris Mouser, Their Mother and Next Friend, Plaintiffs-Appellants, v. Owens-Illinois Glass Company, a Corporation, Robert Redd, et al., and Madison Onized Association, an Unincorporated Association, Defendants-Appellees.

Gen. No. 64–4.

Fifth District.

May 25, 1964.

Nick D. Vasileff, of Madison, for appellants.

Green and Hoagland, of Alton (Robert B. Maucker, of counsel), for appellees.

REYNOLDS, J.

This action was brought under the provisions of the Dram Shop Act, section 135, chapter 43, and the Family Expense Statute, section 15, chapter 68, Illinois Revised Statutes.

The complaint, as amended, alleged that the Madison Onized Association consisted of members who were employed by Owens-Illinois Glass Company at its Madison, Illinois plant and was organized for the purpose of improving the general welfare, well-being, and social activities of the members, and the employer-employee relationship of the members with the employer; that on September 9, 1961, the Madison Onized Association held a picnic for the benefit of its members on premises owned by the employer Owens-Illinois Glass Company, at Madison, Illinois; that the individual defendants were members of the Madison Onized Association and some of them were officers and some of them were on committees in charge of the picnic; that alcoholic liquors were served and dispensed at the picnic by the various committees of the association, and that plaintiffs were injured by an automobile driven by one Gerald E. Liebold, who was intoxicated in whole or in part by alcoholic liquors served or given him at the picnic.

The complaint, as amended, consisted of nine counts, and to it each defendant filed motion for summary judgment supported by affidavit. The motion of Owens-Illinois Glass Company stated that it was not engaged in the liquor traffic, was not licensed under the provisions of the Dram Shop Act as a liquor dealer, wholesaler, distributor, or manufacturer, that it did not control or establish the rules and regulations of

413

the Madison Onized Association, but that the association is governed and controlled by its employees, and that the glass company did not plan, sponsor, pay for, or purchase any supplies for the picnic.

The motion of Madison Onized Association stated that it is an unincorporated association and a voluntary organization of employees of the Madison plant of Owens-Illinois Glass Company; that it is not engaged in the liquor traffic and is not licensed as a liquor dealer, wholesaler, distributor or manufacturer; that the association is not controlled, sponsored, nor are rules and regulations established by the Owens-Illinois Glass Company.

The motion of the employees named as defendants stated that each of these individual defendants are full time employees of Owens-Illinois Glass Company at its Madison plant, are not engaged in the liquor traffic and not licensed as a liquor dealer, distributor or tavern owner, and none are owners of any real estate from which alcoholic liquors are given away or sold.

The plaintiffs filed their motion to strike the affidavits filed in support of the defendants' motions for summary judgment. The affidavit supporting plaintiffs' motion to strike the affidavits of defendants, claimed the glass company did stage the picnic as set forth in the complaint, either by itself or by and through the Madison Onized Association, which association was claimed to be financed by vending machines in the plant, cash gifts awarded the employees for efficiency, and by the sale of glassware manufactured by a subsidiary of the glass company. The constitution and bylaws of the association, and cancelled check for the purchase of liquor by the association were attached to the motion to strike.

The Circuit Court ordered that the motion to strike defendants' affidavits be denied, and that the motions

414

of each and every defendant for summary judgment should be allowed. Judgment was entered in favor of each defendant and against each plaintiff. This order was issued as a final order under section 50(2) of the Civil Practice Act. Plaintiffs appeal to this court.

The appeal is taken on the pleadings alone, the plaintiffs claiming that the affidavits in support of the motions for summary judgment were insufficient in that they did not conform to the rules of court applicable thereto; that intoxicating liquor need not be sold by a licensed person to render the seller liable under the Dram Shop Act; that the law does not require as a condition of liability that the owner of premises be engaged in the liquor traffic; and that persons engaged in the liquor traffic with the purpose of expectation of a pecuniary gain or profit are liable for civil damages under the Dram Shop Act.

As a practical matter, all of the grounds assigned as error in this appeal are contained in the first ground, namely, that the affidavits in support of the defendants' motions for summary judgment were insufficient. Summary judgments are provided for in section 57 of the Civil Practice Act. Supreme Court Rule 15 prescribes the form and the necessary requirements of the affidavit in support of a motion for summary judgment. A summary judgment may be granted if the pleadings, depositions and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment or decree as a matter of law. If the affidavits supporting defendants' motion for summary judgment are insufficient, then the judgment should not have been entered. If they are sufficient as a matter of law, the judgment was proper. The decision of this court as to the sufficiency of the affidavits will dispose of .the

415

question of liability whether licensed as a liquor dealer, liability whether engaged in the liquor business, and the question of pecuniary interest.

■ Our courts have clearly defined the procedure and requirements for summary judgment. If the pleadings, depositions and admissions on file, show that there is no genuine issue as to any material fact, the moving party is entitled to a judgment as a matter of law. Kamholtz v. Stepp, 31 Ill App2d 357, 176 NE2d 388. The purpose of a summary judgment procedure is not to try an issue of fact but rather to determine if one exists. J. J. Brown Co., Inc. v. J. L. Simmons Co., Inc., 2 Ill App2d 132, 118 NE2d 781; Midwest Grocery Co. v. Danno, 29 Ill App2d 118, 172 NE2d 648; Simaitis v. Thrash, 25 Ill App2d 340, 166 NE2d 306. The right of the moving party should be free from doubt, determinable solely as a question of law. Bertlee Co., Inc. v. Illinois Publishing & Printing Co., 320 Ill App 490, 52 NE2d 47; J. J. Brown Co., Inc. v. J. L. Simmons Co., Inc., 2 Ill App2d 132, 118 NE2d 781. The whole record must be considered. Kamholtz v. Stepp, 31 Ill App2d 357, 176 NE2d 388.

The law is well stated in the case of Simaitis v. Thrash, 25 Ill App2d 340, 166 NE2d 306 where the court said:

> "Summary judgment procedure may not be used to impair the right of trial by jury. Its purpose is not to try an issue of fact but to try whether one exists between parties within the legal meaning. Sampson Co. v. Mandel Bros., 3 Ill App2d 92, 120 NE2d 571. The purpose of summary judgment proceedings is to determine whether there is any genuine triable issue of fact which must be passed upon and, if there is, the motion for summary judgment must be denied. Gribben v. Interstate Motor Freight System Co., 18 Ill App2d 96, 151 NE2d 443."

416

Each motion for summary judgment by the defendants, was supported by an affidavit stating that the defendant was not engaged in the liquor business, was not licensed to do business as a liquor dealer, wholesaler, distributor or manufacturer. The plaintiffs contend that the statements made by defendants that they were not engaged in the liquor traffic cannot overcome the specific showing of the purchase, handling and serving of alcoholic liquors at the picnic, and that this statement is a mere conclusion on the part of the defendants. This court does not agree with that contention. The affidavits set out facts with certainty and if there is any conclusion it is on the part of the plaintiffs when they assert that the showing of the purchase of a large amount of intoxicating liquor and the serving of it at a picnic which was attended by members of the association, constituted engaging in the liquor traffic. Likewise, to state that the permission of the glass company for its employees to receive the proceeds of vending machines, permitting the use of the land or grounds of the employer glass company for a picnic, and the giving of cash gifts to employees or groups of employees for efficiency constituted such actions and conduct as to render the employer as engaging in the liquor traffic, is only a conclusion on the part of the plaintiffs. While the plaintiffs are not the movers in the summary judgment procedure, in the final analysis, in order to refute the statements of fact relied on in the affidavits supporting the motions for summary judgment, any statements under oath attaching the alleged facts set forth in the affidavits must also be facts and not conclusions.

In considering the questions involved here, it is apparent that the statement of facts set out in the affidavits of the defendants were true. Neither the glass company, the association or the individual defendants were engaged in the business of selling, distributing,

417

or manufacturing intoxicating liquors. Likewise, none of the defendants were licensed to sell, distribute, or manufacture intoxicating liquors. The glass company as owner of the premises had no direct pecuniary interest in the picnic or its conduct. Yet, unquestionably the Madison Onized Association held a picnic for which intoxicating liquor was bought, and which was dispensed to the members of the association attending the picnic. The picnic was held on the premises of the employer, defendant Owens-Illinois Glass Company, with its consent. The complaint alleges and it is not disputed that Gerald Leibold, a member of the association and an employee of Owens-Illinois Glass Company, attended the picnic and consumed intoxicating liquors and while intoxicated, injured the plaintiffs. Assuming all these matters to be true, is the assertion by way of motion for summary judgment supported by affidavits as to the fact, that none of the defendants were engaged in the liquor business in any way, and that none were licensed to do business as a liquor dealer or otherwise, sufficient to support a summary judgment in favor of the defendants? In answering this question, with hundreds of cases involving the Dram Shop Act, we find there is no direct authority or opinion on this point. Certainly, the Dram Shop Act applies to those persons who are licensed to do business in the sale of intoxicating liquors. It applies to those persons who profit in a pecuniary sense from the sale of intoxicating liquors. In other words, it applies to those engaged in the traffic of intoxicating liquor in a business way. Does it apply to a group such as the members of the Madison Onized Association, who band themselves together into an association devoted to recreation and welfare activities? When that association holds a social affair at which intoxicating liquors are dispensed to the members, is the association and the members liable under the Dram

418

Shop Law? Does an owner of property, permitting its employees to hold a picnic on the grounds of the employer at which picnic, intoxicating liquors are dispensed to the employees by an association of employees or individual employees, become liable under the Dram Shop Act? If the answer to these questions is in the affirmative, where is the stopping point or the limitations? Will the hosts at a cocktail party become liable under the Dram Shop Act? Or, will the casual host who invites a friend in for a drink of intoxicating liquor become liable under the Dram Shop Act? The implications are almost limitless as to the situations that might arise if anyone who gives liquor to another, with or without compensation or hope of compensation, or solely as a gesture of friendship or good fellowship, is liable under the Dram Shop Act.

The section of the Dram Shop Act involved here is broad in language. Section 135, chapter 43, Ill Rev Stats 1961, insofar as pertinent here, provides:

"Every person, who shall be injured, in person or property by any intoxicated person, shall have a right of action in his or her own name, severally or jointly, against any person or persons who shall, by selling or giving alcoholic liquor, have caused the intoxication, in whole or in part, of such person; and any person owning, renting, leasing or permitting the occupation of any building or premises, and having knowledge that alcoholic liquors are to be sold therein, or who having leased the same for other purposes, shall knowingly permit therein the sale of any alcoholic liquors that have caused, in whole or in part, the intoxication of any person, shall be liable, severally or jointly, with the person or persons selling or giving liquors aforesaid . . . ."

■ The legislative intent of the Dram Shop Law is set forth in section 94 of the Act in this language:

419

"94. Construction of Act.] § 1. This Act shall be liberally construed, to the end that the health, safety and welfare of the People of the State of Illinois shall be protected and temperance in the consumption of alcoholic liquors shall be fostered and promoted by sound and careful control and regulation of the manufacture, sale and distribution of alcoholic liquors."

Our courts have held that the purpose of the Dram Shop Act is remedial in purpose, but penal in character. Howlett v. Doglio, 402 Ill 311, 83 NE2d 708; Robertson v. White, 11 Ill App2d 177, 136 NE2d 550; Butler v. Wittland, 18 Ill App2d 578, 153 NE2d 106; Lichter v. Scher, 11 Ill App2d 441, 138 NE2d 66. Being penal in character it must be strictly construed. Cruse v. Aden, 127 Ill 231, 20 NE 73; Meidel v. Anthis, 71 Ill 241; Howlett v. Doglio, 402 Ill 311, 83 NE2d 708. Because of the disciplinary and penal nature of the Dram Shop Act our courts have hesitated to enlarge its language by interpretation. This reluctance is noted in the case of Lichter v. Scher, 11 Ill App2d 441, at page 454, 138 NE2d 66, where the court, in discussing the differnce between the Dram Shop Act and the Wrongful Death Act, citing Robertson v. White, 11 Ill App2d 177, 136 NE2d 550, observed that the court in the Robertson v. White case, pointed out that the Dram Shop Act though remedial in purpose is penal in character, and referred to the language in Meidel v. Anthis, 71 Ill 241, where the Dram Shop Act was described as "highly penal in its character and introducing remedies unknown to the common law, in which the person prosecuting had decided advantages over the party defending." And the court continuing in the Lichter v. Scher case, supra, at page 454, 11 Ill App2d 441, 138 NE2d 66 said:

420

"We held in Robertson v. White, supra, that no presumption such as applies in cases under the Wrongful Death Act should be imported into the Dram Shop Act. The relevancy to the instant case of the language used in the cases referred to lies in this—that where the courts might be zealous in protecting a litigant against divestiture by statute of all or a portion of a claim firmly rooted in our concepts of justice, they will not apply the same zeal to the application of a statute of penal import, regulatory and disciplinary in character.

"The recent history of laws with respect to the liquor traffic shows a wide range of public policy passing from tolerance to complete prohibition and then a return to tolerance with a pressure for regulation. Nothing is to be found in our history comparable to the prohibition amendment to the federal constitution, followed within a few years by another amendment repealing the former. This ambivalent attitude toward the use of alcoholic liquors is not confined to our own time or country. It appears in religious ritual, law and literature throughout the ages. Sometimes there is vehement denunciation and at other times devotion, poetic and rapturous. Perhaps the greatest of odes to the fermented product is the Rubaiyat of Omar Khayyam, who lived in a Mohammedan country where the prevailing region prohibited and to this day still prohibits its use. In such a volatile and unstable situation courts can do no more than interpret as nearly as possible the spirit and word of the prevailing written law."

While the courts should faithfully seek to apply the remedy provided for in the Dram Shop Act in order to serve its purpose in mitigating the evils and dangers

421

which flow from the liquor traffic, yet they cannot enlarge the scope of the Act beyond a reasonable interpretation of its language. Robertson v. White, 11 Ill App2d 177, 136 NE2d 550.

Application of basic principles of statutory construction forbids an enlargement of the classification of actionable injuries under the Dram Shop Act. Howlett v. Doglio, 402 Ill 311, 83 NE2d 708.

The language of the Dram Shop Act which declares it remedial in purpose and to be liberally construed, and the decisions of our courts holding the Act to be regulatory, disciplinary and penal in character and to be strictly construed while apparently diametrically opposed theories of construction, can be reconciled only by taking the language of both the Act and the decisions and adapting such language to each case on its merits and facts. This court and any court can only seek to apply the remedy provided, using as guide lines the law governing penal and regulatory statutes.

The plaintiffs seek by this suit to enlarge the scope of the Dram Shop Act to include anyone who gives another a drink of intoxicating liquor. This would make no distinction between those engaged in the liquor business for profit, and those who hold social gatherings where liquor is dispensed, either by a group or by an individual. Any individual or group of individuals, regardless of the occasion, social only or otherwise, who distributed or gave another person a drink of intoxicating liquor would be under the Act, if plaintiffs' theory is correct.

The legislature makes the laws and our courts can only interpret them according to the expressed or implied intention of the legislature. If the legislature wishes to enlarge the Dram Shop Act by amending section 135 of the Act to include every person or group of persons who give another person or persons a drink

422

of intoxicating liquors, it may do so. But, like other courts, this court is reluctant to enlarge the Act by judicial interpretation. This court does not believe that the legislature ever intended to enact a law that makes social drinking of intoxicating liquors and the giving of drinks of intoxicating liquors to another, such conduct as to render the giver or host liable under the Dram Shop Act. If such was the law, a social drink with your neighbor or friend would become a hazardous act. It would open up the floodgates of litigation as to almost every happening where someone was injured.

■ ■ In the opinion of this court, the Dram Shop Act was intended to regulate the business of selling, distributing, manufacturing and wholesaling alcoholic liquors for profit. In other words, it was to regulate those in the business, not the social drinker or the social drinking of a group. While it is true that the Act applies to such seller, whether licensed or not, as stated in Parsons v. Smith, 164 Ill App 509, and whether legal or illegal, as stated in McCormick v. Decker, 204 Ill App 554, in each case the court refers to the *seller* as being liable for damages under the Dram Shop Act. (The emphasis is ours.)

In this case, none of the defendants were engaged in the liquor traffic. None of them constituted a seller of intoxicating liquor to bring them within the Act. The contention that there was a pecuniary interest, either in the individual defendants, in the association, or in the Owens-Illinois Glass Company, is at best, far fetched.

It is true that the language of the Act in section 135 is directed to one who sells or gives. We interpret the word "giving" as applicable only to one engaged in the liquor business.

On the facts here, we must hold that the action of the trial court in denying the motion of plaintiffs to

strike the affidavits supporting the defendants' motions for summary judgment was proper and that the affidavits were sufficient under the law.

The judgment therefore, will be affirmed.

Affirmed.

DOVE, P. J. and WRIGHT, J., concur.