Jo ANN CAMILLE *et al.*, Plaintiffs-Appellants, *v.* BERRY FERTILIZERS, INC., *et al.*, Defendants-Appellees.—Jo ANN CAMILLE *et al.*, Plaintiffs-Appellants, *v.* HERRIN FERTILIZER COMPANY, INC., *et al.*, Defendants-Appellees.

(Nos. 12584-85 cons.;

Fourth District—August 14, 1975.

Barber & Barber, of Springfield (Bernard G. Segatto, Carl O. Hoffee, and Barry O. Hines, of counsel), for appellants.

Gillespie, Burke & Gillespie, P. C., of Springfield, for appellees Berry Fertilizers, Herrin Fertilizer Co., and Hardy Fertilizer Co.

Brunsman, Crain & Kenney, of Springfield, for appellees Herrin Agricultural Service and James Heater.

Mr. JUSTICE TRAPP delivered the opinion of the court:

Plaintiffs appeal from the order of the trial court which dismissed with prejudice a complaint seeking damages under "An Act relating to alcoholic liquors," more commonly referred to as the Dramshop Act (Ill. Rev. Stat. 1971, ch. 43, par. 135).

The order for dismissal found that the legislative purpose of the statute was to regulate the liquor trade, that the defendants were not engaged in such business, and that the liquor was served to plaintiffs' decedent as an incident to a social occasion.

The substance of the complaint is that the corporate defendants sponsored a "chicken fry" for guests and invitees to whom the hosts:

"* * * sold or gave alcoholic liquors to said defendants' guests, invitees and all other persons in attendance at said party for the said purpose or expectation of pecuniary gain or profit in the said defendants' businesses in that by selling or giving alcoholic liquors as aforesaid, the said defendants could reasonably expect to benefit their businesses by promoting good will, winning new customers, closing business deals, making new sales or contracts and, in general, enhance customer relations and the businesses' public image all to the result and effect of a pecuniary gain or profit."

It is alleged that the defendant, Heater, leased the premises to the respective corporate defendants who sponsored the social event.

In argument, it is not contended that the "sale" alleged was in the traditional sense of merchandising the beverage.

It is alleged that the decedent received alcoholic liquor, became intoxicated and died as a consequence of driving his truck into a utility pole.

The thrust of plaintiffs' argument is that the allegation that the defendants have some hope or expectation of future gains or profits from serving as hosts upon this occasion becomes the equivalent of a sale of

alcoholic liquor and that such fact calls for a shifting of the social costs to the one who gives alcoholic liquor with such hope or expectation.

Plaintiffs cite cases which contain language speaking of a broad liberal construction of the statute, to the fact that the statute includes the words "selling or giving" and to certain cases wherein a seller of intoxicating liquor who was not licensed or in the liquor business was held to be liable.

They emphasize a fragment of a sentence found in *Cruse v. Aden*, 127 Ill. 231, 239, 20 N.E. 73, wherein the court speaks of giving:

> "* * * a glass of intoxicating liquor to a friend as a mere act of courtesy and politeness, and *without any purpose of expectation of gain or profit.*" (Emphasis in brief.)

Careful examination of many Illinois cases which have been cited or otherwise, shows no authority supporting the arguments, but rather that the law is to the contrary. In *Cruse v. Aden*, the relation was that of a host and household guest. The question certified to the court was:

> "* * * whether or not, under section 9 of the Dram-shop act of this State, a recovery can be had against a person other than a dram-shop keeper, or person who makes a business of dealing in intoxicating liquors, and whether, under said section 9, all persons, though not engaged in the liquor traffic, can be held liable for selling or giving intoxicating drinks to another * * *." 127 Ill. 231, 233.

The conclusion was stated categorically that the Act does not apply to persons who are not, either directly or indirectly, or in any way or to any extent engaged in the liquor traffic. In reaching such conclusion, the court noted that the then statute was "an act to provide for the licensing of and against the evils arising from the sale of intoxicating liquors"; that by reason of the constitutional requirement that no statute shall embrace more than one subject which was to be expressed in the title, gifts of intoxicating liquor not connected directly or indirectly with the liquor traffic would not be embraced within the title and that such would violate the constitutional precept.

In *Graham v. General U.S. Grant Post No. 2665*, 97 Ill.App.2d 139, 142, 239 N.E.2d 856, the court noted that the present statute had the stated purpose of "* * * sound and careful control and regulation of the manufacture, sale and distribution of alcoholic liquors * * *" and concluded that the statute is an exercise of police power to inhibit the sale of liquor. In *Cunningham v. Brown*, 22 Ill.2d 23, 174 N.E.2d 153, the court examined the history of the original legislation and concluded that it was directed against the "evil resulting from the sale of liquor." In *Wessel v. Carmi Elks Home, Inc.*, 54 Ill.2d 127, 134, 295

N.E.2d 718 (Davis, J., concurring), it was stated that the statute was a legislative expression that "a part of the cost of doing business in the liquor trade is the exposure to liability under the Act." The opinion noted the penal nature of the Act and the public policy of placing the ultimate cost on those profiting from the sale of liquor "who enter such commercial enterprises with full knowledge of this attendant liability". 54 Ill.2d 127, 132.

■■ In *Miller v. Owens-Illinois Glass Co.*, 48 Ill.App.2d 412, 199 N.E.2d 300, the corporate defendant permitted an employee organization to hold a picnic on its premises. A cause of action was claimed under the statute and it was argued that the liquor was actually provided by the defendant and only ostensibly procured by the funds of the organization so that under the statute defendant should be liable, although not engaged in the liquor business. The court concluded that the statute is intended to regulate "the business of selling, distributing, manufacturing and wholesaling alcoholic liquors for profit. In other words, it was to regulate those in the business, not the social drinker or the social drinking of a group". 48 Ill.App.2d 412, 423.

■ ■ The statute is penal in character and must be strictly construed. (*Cruse v. Aden*, 127 Ill. 231, 20 N.E. 73; *Howlett v. Doglio*, 402 Ill. 311, 83 N.E.2d 708; *Graham v. General U. S. Grant Post No. 2665*, 97 Ill.App. 2d 139, 239 N.E.2d 856.) As stated in *Miller*, the penal quality of the statute does not permit judicial enlargement of its scope and any enlargement to extend liability to persons not engaged in the liquor business is the prerogative of the legislature. See also *New Amsterdam Casualty Co. v. Gerin*, 9 Ill.App.2d 545, 133 N.E.2d 723.

The plaintiff cites *Walker v. Dailey*, 101 Ill.App. 575, and *Layton v. Deck*, 63 Ill.App. 553. In each case the defendant was not a licensed dealer in liquor. Each defendant, however, did sell alcoholic beverage and the court considered that they were actually engaged in the indirect sale of intoxicating liquor.

In *Cruse v. Aden*, 127 Ill. 231, 20 N.E. 73, the word "giving" as found in the statute was construed as applicable only to persons engaged in the liquor traffic and, in effect, was limited by the statutory language to the giving away of intoxicating liquor as a device to evade the provisions of the statute.

By reason of the substantial history of judicial construction of the statute at issue, there was no error in the order of the trial court and its judgment is affirmed.

Affirmed.

SIMKINS, P. J., and CRAVEN, J., concur.