MARGARET THOMPSON, Plaintiff-Appellant, *v.* JOHN R. TRICKLE, Defendant—(Sears, Roebuck and Company, Defendant-Appellee).

First District (3rd Division)   No. 81—1227

Opinion filed May 18, 1983.

Thomas J. Joyce and Thomas C. Nyhan, both of Chicago (Coghlan, Joyce and Nellis, of counsel), for appellant.

Arnstein, Gluck & Lehr, of Chicago (Arthur L. Klein, Michael A. Stiegel, and Kurt J. Heinz, of counsel), for appellee.

JUSTICE McGILLICUDDY delivered the opinion of the court:

This is an appeal from the dismissal with prejudice of count III of plaintiff's amended complaint charging defendant, Sears, Roebuck and Company (Sears), with negligence resulting in damages for personal injuries sustained by the plaintiff, Margaret Thompson. Thompson was injured when her automobile collided with an automobile driven by John R. Trickle, an employee of Sears, who had allegedly become intoxicated at a beer and pizza party sponsored by Sears. Counts I and II of plaintiff's complaint, seeking damages against Trickle, are not involved in this appeal. These two counts were dismissed by stipulation of Thompson and Trickle.

Prior to February 1979, Trickle was employed by Sears as a mechanic in the automotive service center of the Sears store located in Orland Park, Illinois. During the last quarter of 1978, a sales contest was sponsored by the management of the automotive department. The incentive offered was a beer and pizza party to be held if a sales goal was met. The sales goal was achieved. The party was subse-

quently held at Fox's Orland Park Restaurant and Pub on February 10, 1979. Trickle attended and was free to consume pizza and beer between the hours of 6 p.m. and 11 p.m.

After leaving the party, Trickle, while intoxicated, drove his car over the center line of Southwest Highway in Chicago Ridge, Illinois, and collided with the automobile driven by Thompson. Thompson brought suit against Trickle and Sears. On Sears' motion, the suit against it was dismissed for failure to state a cause of action.

The issue on appeal is whether a cause of action exists in negligence against an employer when it has provided alcoholic beverages to an employee whose subsequent intoxication results in personal injuries to a third party.

■ This court has recently held that no cause of action exists against a social host who provides liquor to an individual who, by reason of his intoxication, causes damage to another. *Lowe v. Rubin* (1981), 98 Ill. App. 3d 496, 424 N.E.2d 710; *Miller v. Moran* (1981), 96 Ill. App. 3d 596, 600, 421 N.E.2d 1046.

In *Miller v. Moran* this court stated:

"[I]f any such liability is to be established it should be done by the legislature. That position is in accord with the position Illinois courts have taken on the expansion of the Dramshop Act (*Cunningham [v. Brown* (1961), 22 Ill. 2d 23, 174 N.E.2d 153]; *Graham v. General U.S. Grant Post No. 2665, V.F.W.* (1969), 43 Ill. 2d 1, 248 N.E.2d 657) and on the expansion of the common law (*Richardson [v. Ansco, Inc.* (1979), 75 Ill. App. 3d 731, 394 N.E.2d 801])." (96 Ill. App. 3d 596, 600.)

In *Miller* this court pointed out that a change in the law with such a great impact on business and social relationships requires a thorough analysis of various factors, which is best done by the legislature through its more flexible methods including public participation. See *Lowe v. Rubin; Gora v. 7-11 Food Stores* (1982), 109 Ill. App. 3d 109, 440 N.E.2d 279.

The thrust of plaintiff's argument is that a distinction should be drawn between a social host and a business host, because the business host is motivated by a desire for pecuniary gain. However, an analogous argument was before this court in *Camille v. Berry Fertilizers, Inc.* (1975), 30 Ill. App. 3d 1050, 334 N.E.2d 205, where a plaintiff sought to impose liability under the Dramshop Act (Ill. Rev. Stat. 1971, ch. 43, par. 135) upon a corporate defendant who had sponsored a "chicken fry" for guests and customers where liquor was served. In that case, this court rejected the contention that defendant's hope of pecuniary gain through the service of food and alcohol to potential

customers was the equivalent of the sale of alcohol. Referring to the decision of the Illinois Supreme Court in *Cruse v. Aden* (1889), 127 Ill. 231, 20 N.E. 73, the court stated that the Dramshop Act does not apply to persons who are not, either directly or indirectly, or in any way or to any extent engaged in liquor traffic.

■ Plaintiff in the case at bar seeks to impose liability under a common law theory rather than the Dramshop Act. Historically, our supreme court has held that there is no cause of action at common law in negligence for the sale or gift of liquor to an ordinary man. (*Graham v. General U.S. Grant Post No. 2665, V.F.W.* (1969), 43 Ill. 2d 1, 248 N.E.2d 657; *Howlett v. Doglio* (1949), 402 Ill. 311, 83 N.E.2d 708; *Cruse v. Aden.*) In part, this rule is premised on the theory that it is the drinking of the liquor, as opposed to the providing, that is the proximate cause of intoxication. *Cunningham v. Brown* (1961), 22 Ill. 2d 23, 174 N.E.2d 153.

In *Richardson v. Ansco, Inc.* (1979), 75 Ill. App. 3d 731, 394 N.E.2d 801, the plaintiff asked the court to recognize a common law cause of action in negligence against an employer who allowed an employee to become intoxicated at work, knowing that the employee would be driving home. In refusing to recognize such a cause of action, the court stated that any extension of liability for damages arising from intoxication must come from the legislature, not the courts, and that the only remedy available to an Illinois plaintiff seeking to recover such damages is an action under the Dramshop Act.

In support of his position, plaintiff relies on a California case, *Coulter v. Superior Court* (1978), 21 Cal. 3d 144, 577 P.2d 669, 145 Cal. Rptr. 534, which held that a cause of action existed against a social host who gave alcohol to an intoxicated guest. However, the California legislature subsequently enacted a statutory amendment barring such a cause of action. This amendment was held to be constitutional in *Cory v. Schierloh* (1981), 29 Cal. 3d 430, 629 P.2d 8, 174 Cal. Rptr. 500. Thus, California law no longer supports plaintiff's position. On the contrary, California is more closely in accord with the position of the courts of this State, that any expansion of the liability of a host who supplies alcoholic beverages to an intoxicated person is properly the function of the legislature, not the judiciary.

Accordingly, we affirm the decision of the circuit court of Cook County, dismissing plaintiff's suit against Sears for failure to state a cause of action.

Affirmed.

RIZZI and WHITE, JJ., concur.