SHERYL HELDT, Special Adm'r of the Estate of Joseph Arlo Heldt, Deceased, Plaintiff-Appellant, *v.* JAMES BREI *et al.*, Defendants-Appellees.

First District (3rd Division)   No. 83—99

Rule 23 order entered August 24, 1983.—Opinion filed and rehearing denied October 19, 1983.

Greenberg & Teykl, of Park Forest (James S. Teykl and Daniel M. Greenberg, of counsel), for appellant.

Querrey, Harrow, Gulanick & Kennedy, Ltd., of Chicago (Victor J. Piekarski and Susan F. Zwick, of counsel), for appellees.

PRESIDING JUSTICE McNAMARA delivered the opinion of the court:

Plaintiff, Sheryl Heldt, special administrator of the estate of Joseph Arlo Heldt, deceased, filed this action to recover damages incurred when an automobile driven by defendant Gil Dolmer struck plaintiff's decedent. Counts III, IV and V of plaintiff's complaint, charging defendants James Brei, Everett Brei and Virginia Brei with negligence and with violation of the Dramshop Act, were dismissed for failure to state a cause of action. Plaintiff appeals.

In count III, based upon the Dramshop Act (Ill. Rev. Stat. 1981, ch. 43, par. 135), plaintiff alleged that James Brei held a party at the house where he resided with his parents, Everett and Virginia Brei, who permitted such use of their house, knowing that liquor would be sold therein. At the party, James Brei sold alcoholic liquor to the partygoers, whose hands were then marked to show payment of the liquor charge. Dolmer attended the party, purchased liquor, and became intoxicated. After leaving the party, Dolmer, while intoxicated, drove

his automobile and ran over plaintiff's decedent, who had fallen from a truck in which he had been a passenger. As a result, plaintiff's decedent sustained severe injuries which ultimately caused his death.

The trial court dismissed count III, finding that plaintiff had failed to state a cause of action under the Dramshop Act because defendants were not involved in the commercial liquor business. On appeal, plaintiff argues that the act applies to all sellers of alcohol, whether licensed or unlicensed, and that her allegations against the Breis were sufficient to state a cause of action.

The Dramshop Act provides in relevant part:

"Every person who is injured in person or property by any intoxicated person, has a right of action in his own name, severally or jointly, against any person who by selling or giving alcoholic liquor, causes the intoxication of such person. Any person owning, renting, leasing or permitting the occupation of any building or premises with knowledge that alcoholic liquors are to be sold therein, or who having leased the same for other purposes, shall knowingly permit therein the sale of any alcoholic liquors that have caused the intoxication of any person, shall be liable, severally or jointly, with the person selling or giving the liquors." Ill. Rev. Stat. 1981, ch. 43, par. 135.

The purpose of the act is to impose the costs resulting from its violation upon those profiting from the sale of liquor to the public. It is reasoned that those who enter such commercial enterprises do so with full knowledge of this attendant liability. (*Wessel v. Carmi Elks Home, Inc.* (1973), 54 Ill. 2d 127, 295 N.E.2d 719.) While the act has been held applicable to the unlicensed seller (*Parsons v. Smith* (1911), 164 Ill. App. 509; *Walker v. Dailey* (1901), 101 Ill. App. 575; *Layton v. Deck* (1895), 63 Ill. App. 553), Illinois courts have consistently refused to impose statutory liability upon anyone not at least indirectly engaged in the liquor business. *Cruse v. Aden* (1889), 127 Ill. 231, 20 N.E. 73; *Richardson v. Ansco, Inc.* (1979), 75 Ill. App. 3d 731, 394 N.E.2d 801; *Camille v. Berry Fertilizers, Inc.* (1975), 30 Ill. App. 3d 1050, 334 N.E.2d 205.

■ The uncompensated social host is clearly not subject to liability under the act. (*Cruse v. Aden.*) Although plaintiff alleges that James Brei was compensated in that he collected money from his guests to pay for the liquor, plaintiff fails to allege that Brei was in the business of selling liquor for profit. Due to the penal nature of the act, any enlargement of its scope to extend liability to persons not engaged in the liquor business is the prerogative of the legislature, not the judiciary. *Camille v. Berry Fertilizers, Inc.; Miller v. Owens-Illi-*

*nois Glass Co.* (1964), 48 Ill. App. 2d 412, 199 N.E.2d 300.

■ We reject plaintiff's contention that our approval of the trial court's action here will encourage sellers to insulate themselves from liability under the act by failing to obtain a license. This argument fails because a seller engaged in the liquor business may be subject to liability under the act whether or not he is licensed. (*Parsons v. Smith; Walker v. Dailey.*) Defendants in the present case are outside the scope of the act, not because they are unlicensed, but because they are not engaged in the liquor business. The trial court properly dismissed count III.

Count IV, sounding in negligence, alleges that the Breis, by reason of their possession and ownership of the premises, had a duty to control and supervise the activities taking place thereon so as to minimize the risk of personal injury to others, including plaintiff's decedent. In derogation of that duty, James Brei permitted Dolmer to purchase and consume excessive quantities of alcohol, knowing that his intoxicated state would render him a reckless driver. Plaintiff alleges that, in light of Dolmer's state of intoxication, James Brei was negligent in failing to curb or terminate the party. Plaintiff also alleged in count IV that Everett and Virginia Brei negligently entrusted their home to James Brei when they should have known that he was incapable of properly supervising the activities taking place.

In dismissing count IV, the trial court found no special relationship between the parties which would warrant the imposition of a duty upon defendants to curb Dolmer's activities.

■ ■ To the extent that plaintiff's allegations in count IV charge James Brei with negligence in continuing to provide Dolmer with liquor in spite of his intoxication, we note that Illinois has never recognized a common law cause of action in negligence for either selling or giving intoxicating liquor to an ordinary person. (*Cunningham v. Brown* (1961), 22 Ill. 2d 23, 174 N.E.2d 153; *Cruse v. Aden; Thompson v. Trickle* (1983), 114 Ill. App. 3d 930, 449 N.E.2d 910; *Lowe v. Rubin* (1981), 98 Ill. App. 3d 496, 424 N.E.2d 710; *Miller v. Moran* (1981), 96 Ill. App. 3d 596, 421 N.E.2d 1046.) The only remedy for such action is that provided by the Dramshop Act. (*Cunningham v. Brown; Richardson v. Ansco, Inc.*) In part, this rule is premised on the theory that it is the drinking of the liquor, not its sale, which is the proximate cause of intoxication. (*Cunningham v. Brown.*) Although plaintiff urges that the focus of count IV is on James Brei's failure to supervise the party rather than his sale or supply of the liquor, the same reasoning would apply. Dolmer's intoxication was proximately caused by his drinking, not by James Brei's failure to restrain

his drinking.

■ We also agree with the trial court that plaintiff failed to allege a special relationship between James Brei and either plaintiff's decedent or Dolmer which would have required Brei to take affirmative action to restrain Dolmer's drinking. Absent such a relationship, a member of the general public has no duty to protect another person from the misconduct of third parties. (*Whalen v. Lang* (1979), 71 Ill. App. 3d 83, 389 N.E.2d 10.) Even if plaintiff had effectively alleged the existence of a business invitor/invitee relationship, however, so as to impose upon Brei a duty with regard to the safety of his guests or patrons, that duty would not have extended to plaintiff's decedent who was neither a guest nor a patron, nor would it have extended to Dolmer's activities after leaving the premises. *Gustafson v. Mathews* (1982), 109 Ill. App. 3d 884, 441 N.E.2d 388.

■ Plaintiff's attempt in count IV to state a cause of action against Everett and Virginia Brei based upon negligent entrustment was likewise insufficient. An action for negligent entrustment arises when the owner of a motor vehicle entrusts it to someone the owner knows to be incapable of using it properly and a third person is injured thereby. (*Giers v. Anten* (1978), 68 Ill. App. 3d 535, 386 N.E.2d 82; *Bensman v. Reed* (1939), 299 Ill. App. 531, 20 N.E.2d 910.) The duty of the owner to refrain from such action stems from the potentially dangerous nature of the automobile if used by an incompetent driver. (*Bensman v. Reed.*) Although the doctrine might be applicable to other types of potentially dangerous property, we fail to see how a house could be so characterized. We therefore find that Everett and Virginia Brei's entrustment of their home to their son was not actionable negligence.

Count V, which was based upon the Survival Act (Ill. Rev. Stat. 1981, ch. 110½, par. 27—6), was properly dismissed since the right to recover under that theory depended upon the legal sufficiency of counts III and IV.

For the reasons stated, the judgment of the circuit court of Cook County is affirmed.

Judgment affirmed.

McGILLICUDDY and RIZZI, JJ., concur.