RONALD J. MARTIN *et al.*, Plaintiffs-Appellants, v. PALAZZOLO PRO-
DUCE COMPANY, INC., d/b/a Palazzolo Food Distributing Company, *et al.*,
Defendants-Appellees.

Fifth District   No. 5—85—0669

Opinion filed September 9, 1986.

Pfaff, Garner & Terlizzi, of Salem, for appellants.

Jerome E. McDonald and Terry R. Black, both of Campbell, Furnall,
Moore & Jacobsen, P.C., of Mt. Vernon, for appellees.

JUSTICE WELCH delivered the opinion of the court:

The plaintiffs, Ronald and Donald Martin, appeal from an order of the circuit court of Marion County dismissing their first amended complaint with prejudice. On appeal, the plaintiffs raise the issue of whether the trial court erred in dismissing their first amended complaint for failure to state a cause of action. We affirm.

The record reveals the following facts. Plaintiff Ronald Martin was employed by the defendant Palazzolo Produce Company. On June 7, 1985, plaintiff Ronald Martin arrived at work to begin the 9 p.m. to 9:30 a.m. shift. After he completed the shift, defendant Frank Palazzolo, owner of Palazzolo Produce Company, Inc., invited Ronald to drink beer with him on the premises. When Ronald finished drinking beer, he drove his car home. However, he did not make it home without an accident. At approximately 11:50 a.m. Ronald lost control of his car, crossed the center line and hit a concrete truck. Ronald sustained severe and permanent injuries as well as severe disabilities and disfigurement. As a result of the incident, the plaintiffs instituted this lawsuit.

In the first amended complaint filed on August 12, 1985, the plaintiffs sued the defendants on the theory of negligence. The plaintiffs alleged that a "person who supplies a deleterious substance to a minor who lacks the maturity to refrain from ingesting the same is responsible for foreseeable injury to the minor." Subsequently, the defendant filed its second motion to dismiss the plaintiff's first amended complaint. On September 10, 1985, the trial court dismissed the plaintiff's complaint with prejudice. From this order the plaintiffs appeal.

■ In deciding a motion to dismiss, the court must view all the factual allegations as true and only consider the question of law presented by the pleadings. (*Zamiar v. Linderman* (1985), 132 Ill. App. 3d 886, 887-88, 478 N.E.2d 534, 535; *Maras v. Bertholdt* (1984), 126 Ill. App. 3d 876, 889, 467 N.E.2d 599, 609.) The question of law in this case is whether a noncommercial, "social host" and employer who was the supplier of intoxicating liquor to the minor plaintiff who becomes intoxicated and injures himself can be held liable for failure "to supervise the intoxicated minor."

■ It is well established in Illinois courts that there is no common law cause of action against a noncommercial supplier of intoxicating liquor. (*Heldt v. Brei* (1983), 118 Ill. App. 3d 798, 800-01, 455 N.E.2d 842, 844.) The only remedy for such action is that provided under the Liquor Control Act of 1934, hereinafter referred to as the Dramshop Act. (Ill. Rev. Stat. 1985, ch. 48, par. 93.9 *et seq.; Heldt v.*

*Brei* (1983), 118 Ill. App. 3d 798, 455 N.E.2d 842.) The Dramshop Act does not apply to persons who are not, either directly, indirectly, or in any way or to any extent engaged in the liquor traffic. (Ill. Rev. Stat. 1985, ch. 43, par. 135; *Camille v. Berry Fertilizers, Inc.* (1975), 30 Ill. App. 3d 1050, 1052, 334 N.E.2d 205, 207.) The Dramshop Act is designed to regulate those in the business of selling liquor and not the social drinker or the social drinking of a group. (30 Ill. App. 3d 1050, 334 N.E.2d 205.) Any enlargement of the scope of the liability in the Dramshop Act is the prerogative of the legislature and not the judiciary. (*Heldt v. Brei* (1983), 118 Ill. App. 3d 798, 455 N.E.2d 842.) Throughout history, the Illinois courts have repeatedly refused to enlarge the scope of the Dramshop Act where a person gives a glass of intoxicating liquor to a friend as a mere act of courtesy and politeness, and without any purpose or expectation of pecuniary gain or profit. (*Cruse v. Aden* (1889), 127 Ill. 231, 239, 20 N.E. 73, 75; *Camille v. Berry Fertilizers, Inc.* (1975), 30 Ill. App. 3d 1050, 1052, 334 N.E.2d 205, 206; see also *Miller v. Moran* (1981), 96 Ill. App. 3d 596, 421 N.E.2d 1046; *Richardson v. Ansco, Inc.* (1979), 75 Ill. App. 3d 731, 394 N.E.2d 801.) In addition, the courts have not extended liability even if the person served the intoxicating liquor is a minor (*Zamiar v. Linderman* (1985), 132 Ill. App. 3d 886, 478 N.E.2d 534; *Lowe v. Rubin* (1981), 98 Ill. App. 3d 496, 424 N.E.2d 710) or even if the person serving or providing the intoxicating liquor is an employer (*Richardson v. Ansco, Inc.* (1979), 75 Ill. App. 3d 731, 394 N.E.2d 801; *Thompson v. Trickle* (1983), 114 Ill. App. 3d 930, 449 N.E.2d 910). The Illinois courts have not made a distinction between an intoxicated corporate defendant, a strong able-bodied man or a minor. (*Zamiar v. Linderman* (1985), 132 Ill. App. 3d 886, 889, 478 N.E.2d 534.)

This court follows the decision in *Miller v. Moran* in which the court fully explained the historical background regarding liability under the Dramshop Act as well as the ramification for extending liability. The reasons are as follow. The historical background of the Dramshop Act is to disclaim any notion that it was intended to complement a common law remedy against tavern owners and operators. Any attempt to change the law " 'which has the power to so deeply affect social and business relationships should only be made after a thorough analysis of all the relevant considerations. *** The type of analysis required is best conducted by the legislature using all of the methods it has available to it to invite public participation.' " (*Miller v. Moran* (1981), 96 Ill. App. 3d 596, 600-01, 421 N.E.2d 1046, 1049, quoting *Olsen v. Copeland* (1979), 90 Wis. 2d 483, 491, 280 N.W.2d 178, 181.)

The *Miller* court found that in establishing common law liability, as in this case as well, would be unlimited and would expose persons who do not profit from their service of alcohol to a much greater liability than dramshops.

■ In this case, the employer-defendant offered an intoxicating liquor to the minor plaintiff. He neither received any compensation nor is in the business of selling intoxicating liquors. The defendant's action was a mere act of courtesy without any expectation of profit. This court will not extend liability to such situations especially where the extension is within the legislature's jurisdiction. Thus, this court finds that the trial court properly dismissed the plaintiff's complaint with prejudice for failure to state a cause of action.

For the foregoing reasons, the order of the circuit court of Marion County is affirmed.

Affirmed.

KASSERMAN, P.J., and KARNS, J., concur.