Rudolph A. SCHULTZ, Plaintiff-Appellee,

v.

EVELYN JEWELL, INC., and Steamship Mutual Insurance Company, Defendants-Appellants.

No. 71-3617.

United States Court of Appeals, Fifth Circuit.

April 18, 1973.

Michael L. McAlpine, New Orleans, La., for defendants-appellants.

James A. Wysocki, New Orleans, La., for plaintiff-appellee.

Before GEWIN, BELL and GODBOLD, Circuit Judges.

GODBOLD, Circuit Judge:

Plaintiff filed suit claiming damages for injuries sustained in an assault by Pettis, a fellow crew member of a shrimp trawler, claiming unseaworthiness of the vessel and negligence of its owners. In a jury trial defendant's motion for a directed verdict was denied. The jury found the vessel seaworthy but the owners negligent and plaintiff 20% contributorily negligent, and awarded damages to plaintiff.

If there survives an action for negligence, not swallowed up by the doctrine of unseaworthiness for employment of a "defective crew," Clevenger v. Star Fish & Oyster. Co., 325 F.2d 397 (CA5 1963), the plaintiff did not present sufficient evidence to take the negligence issue to the jury. The court erred in denying defendant's motion for a directed verdict, consequently the case must be reversed.

 The only crew members of the vessel were the captain, plaintiff and Pettis. The vessel returned to port after a fishing trip and was docked. Pettis was allowed to live aboard the boat when it was at dock. The captain, and then plaintiff, went ashore. Plaintiff returned later to retrieve a cigarette lighter and found Pettis and friends from other vessels dining on fish from the trawler's catch. An argument ensued between plaintiff and Pettis over division of the catch, and the affray ensued. According to the evidence Pettis had drunk two cans of beer. The only evidence of negligence by the captain was that he had introduced, or allowed the introduction, of either two cans or a six-pack of beer aboard the vessel;[1] he had docked the shrimper near a saloon and left plaintiff and Pettis aboard unsupervised; and he had failed to designate how the catch should be divided. This was insufficient evidence to permit submission of negligence to the jury. Boeing v. Shipman, 411 F.2d 365 (CA5 1969).

Plaintiff also refers to negligence based on the theory that his assailant was a person of known vicious character or one whom the master or officers should have known was of vicious character. 2 Norris, Law of Seamen, § 691 p. 397; Kyriakos v. Goulandris, 151 F.2d 132 (CA2 1945). The only evidence to which plaintiff can point in support of such a theory is that Pettis was a large and powerful man, bigger and stronger than plaintiff, and possessed of a full set of whiskers which caused him to be known as "the Beard." This is no evidence at all of viciousness.

Reversed.

---

1. There was no evidence that the captain knew that Pettis was a drinking man.