[Civ. No. 44032. Second Dist., Div. Four. Jan. 15, 1975.]

RESERVE INSURANCE COMPANY, Plaintiff and Respondent, v. OSCAR HALL, Defendant and Appellant.

**COUNSEL**

Cate & Will and William F. Heyler for Defendant and Appellant.

Chase, Rotchford, Drukker & Bogust, William C. Falkenhainer and David Clark for Plaintiff and Respondent.

**OPINION**

**COLE, J.**\*—Respondent insurance company issued a liability policy to James J. Kerr, Fiesta Room, Inc. and Jim Kerr's Restaurant & Lounge (hereinafter called "Kerr") effective October 30, 1970.

The next evening appellant Hall was injured while riding in an

---

\*Assigned by the Chairman of the Judicial Council.

automobile driven by Darlene Alcarez, a waitress employed at Kerr's cocktail lounge. Hall brought an action to recover for his personal injuries against Kerr, Alcarez and others. He alleged that Alcarez was intoxicated, and that she was acting within the course and scope of her employment, it being contended that as a regular practice or custom Kerr asks off-duty waitresses to take customers home and that this happened on the night of the accident. He also alleged that Kerr knew or should have known that Alcarez was becoming intoxicated and nevertheless continued to serve alcoholic beverages to her. Appellant did not urge, in the personal injury litigation, that Kerr had any interest of any sort in the Alcarez vehicle. He did contend that Kerr was liable under the authority of *Vesely* v. *Sager* (1971) 5 Cal.3d 153 [95 Cal.Rptr. 623, 486 P.2d 151], which held that a vendor furnishing alcoholic beverages to an intoxicated person is liable to a third party injured because of such intoxication.

Respondent contends its policy does not cover Kerr as to liability arising out of the accident. It brought this declaratory relief action against appellants Hall, Kerr and Alcarez. The facts set forth above were the subject of a written stipulation which also included the provisions of the policy. Upon consideration of the stipulation the trial court ruled that respondent had no liability to Kerr under the policy. Hall alone appeals. We affirm.

The policy covered Kerr for " . . . all sums which the insured shall become legally obligated to pay as damages because of bodily injury or property damage to which this insurance applies, caused by an occurrence and arising out of the ownership, maintenance or use of the insured premises and all operations necessary or incidental to the business of the named insured conducted at or from the insured premises. . . ."

It stated that "This insurance does not apply . . . (b) to bodily injury or property damage arising out of the ownership, maintenance, operation, use, loading or unloading of (1) any automobile . . . owned or operated by or rented or loaned to the named insured, or (2) *any other automobile* . . . operated by any person in the course of his employment by the named insured . . . (f) to bodily injury or property damage for which the insured or his indemnitee may be held liable, as a person or organization engaged in the business of manufacturing, distributing, selling or serving alcoholic beverages or as an owner or lessor of premises used for such purposes, by·reason of the selling, serving or giving of any alcoholic

beverage ¶ (1) in violation of any statute, ordinance or regulation; (2) to a minor, (3) to a person under the influence of alcohol, or (4) which causes or contributes to the intoxication of any person. . . ." (Italics supplied.)

■ The quoted language is explicitly clear. It excludes coverage as to any employee of the insured who operates an automobile in the course of employment in almost so many words. It likewise excludes coverage where Kerr is liable by reason of serving an alcoholic beverage to anyone who is under the influence of alcohol *or* which causes or contributes to intoxication.

The policy thus is not ambiguous nor is it unclear. There is nothing to construe against the insurer. (*Jensen* v. *Traders & General Ins. Co.* (1959) 52 Cal.2d 786, 790-791 [345 P.2d 1]; *Paul Masson Co.* v. *Colonial Ins. Co.* (1971) 14 Cal.App.3d 265, 272 [92 Cal.Rptr. 463].) What we have said disposes of appellant's main contention—that policy exclusions are to be construed against an insurer and must be conspicuous, plain and clear. In type-size the exclusion is conspicuous.[1] Its language is plain and clear. Construing the exclusion strictly in favor of appellant, the judgment still must be against him.

There is no evidence to lend support to the argument that the exclusion was contrary to Kerr's reasonable expectations.

Finally, the contention that under the reasoning of *Vesely* v. *Sager, supra,* 5 Cal.3d 153, it is in the public interest to "disallow" this exclusion, is obviously an argument for the Legislature, not this court.

The judgment is affirmed.

Jefferson, Acting P. J., and Kingsley, J., concurred.

---

[1]It is the same type-size, and on the same page as the insuring agreement, and immediately follows the insuring agreement. It is located under a bold faced larger type-size heading "EXCLUSIONS".