**Larry WILLIAMS, Plaintiff–Appellant,**

v.

**UNITED STATES FIDELITY AND GUARANTY COMPANY, Defendant–Appellee.**

No. 87–4569.

United States Court of Appeals, Fifth Circuit.

Sept. 7, 1988.

---

Paul Snow, David Slaughter, Jackson, Miss., for plaintiff-appellant.

D. Collier Graham, Jr., Cary E. Bufkin, Jackson, Miss., for defendant-appellee.

Before RUBIN, GARZA, and JONES, Circuit Judges.

ALVIN B. RUBIN, Circuit Judge:

The question in this case is whether a multiperil insurance policy issued in Mississippi covers injuries received as a result of the alleged failure of the insured, the operator of a tavern, to prevent an employee from surreptitiously consuming beer or from driving his personal automobile home after having done so. The district court correctly held that the policy excludes coverage of one of the claims and that Mississippi recognizes no cause of action for the other claims.

## I.

Larry Williams, James Holley, and David Spann all worked on a clean-up crew for the Lamar, Inc., a tavern in Jackson, Mississippi. On the night of June 20, 1982, while at work, Holley surreptitiously drank at least eight cups of draft beer. After work, Holley, Williams, and Spann drove to Clinton, stopping on several occasions to fix the car's muffler, to purchase a six-pack of beer at a Stop–N–Go convenience store, to eat breakfast at a local restaurant, and to use a restroom in Clinton. After this last stop, Holley began driving at a high rate of speed, ran off the road, and struck a tree. Williams sustained serious injuries as a result.

Williams filed suit in Mississippi state court against Holley, The Lamar tavern, and the Stop–N–Go convenience store for negligent conduct. When The Lamar failed to answer Williams' pleadings, the court entered a $2,400,000 default judgment against Holley and The Lamar. Williams then filed a suggestion for a writ of garnishment against The Lamar's insurer, United States Fidelity and Guaranty Company. USF & G removed this garnishment action to federal court, where the district judge, after a bench trial, dismissed the case involuntarily under F.R.Civ.P. 41(b) at the close of Williams' presentation of evidence.

## II.

Since jurisdiction in this case is based on diversity of citizenship, Mississippi law controls.[1] As a federal court applying Mississippi law, we initially attempt to discern how Mississippi courts would evaluate Williams' causes of action.

Williams' amended complaint states three distinct negligence claims: (1) The Lamar furnished beer to Holley while Holley was visibly intoxicated; (2) The Lamar allowed an intoxicated employee to leave work knowing or having reason to know that the employee was intoxicated and was going to drive an automobile; and (3) The Lamar failed to supervise its premises and to prevent employees from drinking its beer. We consider each separately.

The contention that the tavern violated state law by furnishing beer to a visibly intoxicated individual is based on Mississippi's "dram shop" law which prohibits "sell[ing], giv[ing], or furnish[ing] any beer or wine to any person visibly or noticeably intoxicated ..."[2] Since Missis-

**1.** *Erie Railroad Company v. Tompkins,* 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188 (1938).

**2.** Miss.Code § 67–3–53(b) (1972).

sippi courts consistently subscribe to "[t]he principle that violation of a statute constitutes negligence per se," [3] this claim states a cause of action.

■ USF & G, however, did not insure The Lamar against injuries resulting from its violation of this "dram shop" provision. Its insurance policy specifically excluded such coverage, stating in relevant part:

This insurance policy does not apply ...

(h) to bodily injury or property damage for which the Insured or his Indemnitee may be held liable

(1) as a person or organization engaged in the business of manufacturing, distributing, selling or serving alcoholic beverages, ...

(i) by or because of the violation of, any statute, ordinance, or regulation pertaining to the sale, gift, distribution or use of any alcoholic beverage, or

(ii) by reason of the selling, serving or giving of any alcoholic beverage to a ... person under the influence of alcohol or which causes or contributes to the intoxification of any person.

This exclusion, we recently noted, "is a typical provision" [4] in insurance policies covering establishments that distribute alcoholic beverages; "the provision as a whole is free of ambiguity" [5] and has lent itself to facile and uniform application by a host of states [6] with whose interpretation we agree.

■ Williams' second claim asserts that the tavern negligently allowed an intoxicated employee to drive home. No Mississippi statute prohibits such an activity, however, and Williams has cited no Mississippi case that has found an employer negligent for permitting such an act.

In analogous circumstances, the Supreme Court of Mississippi has declined to impose liability on social hosts for serving alcohol to intoxicated guests,[7] indicating that it does not "think the legislature intended to impose liability upon a dispenser of intoxicants to an adult individual." [8] The Mississippi court is "of the opinion that this question, which involves strong public policy and change of the law, should be studied comprehensively and addressed by the Mississippi State Legislature." [9] Without further legislative guidance, Mississippi courts have adhered to the "common-law principle" that " 'there is no action for damages in the selling or giving away of intoxicating liquors.' " [10] A number of states agree with Mississippi's standard of liability.[11] Because we discern no legally significant difference between a social host's duty to prevent guests from imbibing to excess and an employer's duty to protect employees from the same intemperance, it would be inappropriate for us to expand the employer's duty. What the Supreme Court of Mississippi has refrained from instituting we cannot advance in its name.

---

**3.** *Bryant v. Alpha Entertainment Corp.,* 508 So. 2d 1094, 1097 (Miss.1987); *Byrd v. McGill,* 478 So.2d 302, 304–05 (Miss.1985); *Munford, Inc. v. Peterson,* 368 So.2d 213, 217 (Miss.1979).

**4.** *Wilson v. United States Fidelity & Guaranty Co.,* 830 F.2d 588, 593 n. 3 (5th Cir.1987).

**5.** *Id.*

**6.** *See, e.g. Newell–Blais Post No. 443 v. Shelby Mutual Ins.,* 396 Mass. 633, 487 N.E.2d 1371 (1986); *USF & G v. Griggs,* 341 Pa.Super. 286, 491 A.2d 267 (1985); *Morrison v. Miller,* 452 So.2d 390 (La.1984); *Excelsior Ins. Co. v. Pomona Park Bar & Package Store,* 369 So.2d 938 (Fla.1979); *New Hampshire Ins. Co. v. Hillwinds Inn, Inc.,* 117 N.H. 350, 373 A.2d 354 (1977); *Reserve Ins. Co. v. Kerr,* 44 Cal.App.3d 569, 118 Cal.Rptr. 758 (1975).

**7.** *Boutwell v. Sullivan,* 469 So.2d 526 (Miss. 1985).

**8.** *Cuevas v. Royal D'Iberville Hotel,* 498 So.2d 346, 348 (Miss.1986).

**9.** *Boutwell* at 529 (footnote omitted).

**10.** *Boutwell* at 528–29 (citing *Munford, Inc. v. Peterson,* 368 So.2d 213, 215 (Miss.1979)).

**11.** *See, e.g., Meyers v. Grubaugh,* 242 Kan. 716, 750 P.2d 1031 (1988); *Kuykendall v. Top Notch Laminates,* 70 Md.App. 244, 520 A.2d 1115 (1987); *Meany v. Newell,* 367 N.W.2d 472 (Minn. 1985); *Pursley for Benefit of Clark v. Ford Motor Co.,* 462 N.E.2d 247 (Ind.App. 2 Dist.1984); *Thompson v. Trickle,* 114 Ill.App.3d 930, 70 Ill. Dec. 563, 449 N.E.2d 910 (1 Dist.1983); *but see Otis Engineering Corp. v. Clark,* 668 S.W.2d 307 (Tex.1983).

■ Williams' third claim suffers from the same deficiency: neither the Mississippi legislature nor its courts has imposed on employers a duty to supervise their premises so as to prevent employees from clandestinely consuming intoxicants or to prevent employees from going about their personal business in a state of inebriation. While employers have been held liable by Mississippi courts for the negligent maintenance of their premises, the two cases that Williams cites, *Litton Systems, Inc. v. Enochs*[12] and *Mississippi Power & Light Co. v. Smith,*[13] establish only the proposition that employers have a duty of "reasonable care"[14] to provide employees with a "safe place of work,"[15] limiting the scope of the employers' duty to injuries that occur on the work premises. The injury in *Litton Systems* occurred in a dimly lit, obstructed parking lot provided by the employer, and the injury in *Mississippi Power & Light* resulted from the operation of dangerous machinery in the employer's factory.

Williams was not injured at the tavern during the course of his employment nor was he injured as a result of an act by Holley during the course of Holley's employment. He was injured two hours after he had left work, miles away from the tavern, and at a time when he and Holley were engaged in personal business. The accident and the ensuing injury to Williams are too removed from the employer's premises and the scope of Williams' or Holley's employment to be attributed to the employer's negligent supervision of the premises. Neither *Litton Systems* nor *Mississippi Power & Light* supports the conclusion that an employer has a duty to supervise its premises in order to prevent employees, when acting outside the scope of employment and off the business premises, from injuring another person.

■ Mississippi law does not impose on employers a duty to supervise their employees when they are not working. The Restatement(2d) of Torts § 317 narrowly limits an employer's duty to control a servant's conduct outside the scope and place of employment to instances in which the servant is "using a chattel of the master." The Mississippi legislature and courts have not suggested a broader compass.

■ Mississippi courts have barred liability for injuries occuring after an employer failed to supervise its employees at work when independent and intervening criminal conduct caused the injuries. Thus, in *Robinson v. Howard Brothers of Jackson, Inc.,*[16] the Supreme Court of Mississippi refused to hold the owner of a firearms store liable when a store clerk negligently sold a pistol and ammunition to a customer who subsequently shot and killed his estranged lover. The court found the clerk negligent *per se* for violating state and federal gun-control laws, but held that the employer was not liable for the consequent injuries. The murder was not reasonably foreseeable, and an "independent intervening agency ... superseded the negligence" of the clerk.[17] *A fortiori*, an employer should not be held liable for failing to prevent an employee from drinking too much beer or from departing from work in an automobile.

There being no cause of action for the second and third claims made by Williams, we need not consider whether the insurance policy would have covered them. The default judgment against Williams and The Lamar does not, of course, establish the liability of the insurer.

For these reasons, the judgment of the district court is AFFIRMED.

---

**12.** 449 So.2d 1213 (Miss.1984).

**13.** 169 Miss. 447, 153 So. 376 (1934).

**14.** *Litton Systems* at 1215.

**15.** *Mississippi Power & Light,* 153 So. at 377.

**16.** 372 So.2d 1074 (Miss.1979). *See also Permenter v. Milner Chevrolet Co.,* 229 Miss. 385, 91 So.2d 243 (1956).

**17.** *Robinson* at 1076.