**Ronald TICHENOR**

v.

**The ROMAN CATHOLIC CHURCH OF the ARCHDIOCESE OF NEW ORLEANS, et al.**

**Civil A. No. 92–4083.**

United States District Court,
E.D. Louisiana.

Aug. 4, 1993.

Darryl J. Tschirn, Law Offices of Darryl J. Tschirn, Metairie, LA, Zack Butterworth, Hesse & Butterworth, St. Francisville, LA, David Robert Paddison, David R. Paddison, Covington, LA, R.L. Netterville, Law Offices of R.L. Netterville, Natchez, MS, for Ronald Tichenor.

Don M. Richard, Denechaud & Denechaud, C. William Bradley, Jr., Dwight C. Paulsen, III, Lemle & Kelleher, New Orleans, LA, J. Collins Wohner, Jr., Lawrence J. Franck, Butler, Snow, Omara, Stevens & Cannada, Jackson, MS, for Roman Catholic Church of Archdiocese of New Orleans.

Dino Cinel, pro se.

Don M. Richard, Denechaud & Denechaud, New Orleans, LA, for Congregation of St. Rita Roman Catholic Church.

Thomas Edward Loehn, Boggs, Loehn & Rodrigue, New Orleans, LA, for U.S. Fidelity and Guar. Co.

## ORDER AND REASONS

FELDMAN, District Judge.

Defendants, the Roman Catholic Church for the Archdiocese of New Orleans, the Congregation of St. Rita Roman Catholic Church move for summary judgment on the grounds that there is no personal jurisdiction over these defendants and these claims are barred by the statute of limitations. Defendant Dino Cinel also moves for summary judgment on the ground that these claims are time barred.

### Background

The plaintiff filed suit in the First Judicial District Circuit Court, Harrison County, State of Mississippi on June 21, 1991. He alleged that, while functioning as a duly ordained priest at the St. Rita Church in New Orleans, Father Dino Cinel performed illicit sex acts upon the plaintiff, who was then a minor, both in Louisiana and in Mississippi; that Father Cinel defamed the plaintiff and invaded his privacy by marketing video tapes and/or photographs of him; and that the Catholic Archdiocese and St. Rita's are liable because they knew or should have known that illicit acts were being performed on their premises, that they failed to protect the plaintiff and take appropriate measures to ascertain, discover or correct the situation, and that they knew or should have known that they were fostering Cinel's illicit activi-

ties and even furnishing the instrumentalities to conduct these activities.[1]

The three named defendants are all non-residents of Mississippi and the complaint stated that jurisdiction and venue over this case were conferred upon the Mississippi state court under Miss.Ann.Code § 13–3–57 (the Mississippi long-arm statute). The Archdiocese and St. Rita's removed to federal court and then, following their answer, moved to transfer the case to this Court on the ground that the majority of the events and witnesses were in the New Orleans area.

Ronald Tichenor is now 28 years old and has lived in Florida since December 1986. Beginning sometime during his teenage years (the exact age is contested) the plaintiff and Father Cinel had an extended homosexual relationship; it included Cinel taking pornographic videos and photographs of the plaintiff which were later published in magazines in Europe. In 1988, Dino Cinel left St. Rita's after the discovery by another priest, Father Tarantino, of pornographic materials depicting young boys engaged in sexual activity. Cinel subsequently agreed to leave the priesthood.

The factual summary is extensive on both sides, but much of it is irrelevant. The only relevant facts are those that relate to the central issues of this motion, namely lack of personal jurisdiction and that these claims are time barred. It is only on the facts relating to these two discrete issues that this motion must be determined. And the facts regarding these two narrow issues of law are clear.

## I.

Federal Rule of Civil Procedure 56 instructs that summary judgment is proper if the record discloses no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. No genuine issue of fact exists if the record, taken as a whole, could not lead a rational trier of fact to find for the non-moving party. *See Matsushita Elec. Indus. Co. v. Zenith Radio.*, 475 U.S. 574, 586, 106 S.Ct. 1348,

1355, 89 L.Ed.2d 538 (1986). A genuine issue of fact exists only "if the evidence is such that a reasonable jury could return a verdict for the non-moving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986).

The mere argued existence of a factual dispute does not defeat an otherwise properly supported motion. *See id.* Therefore, "[i]f the evidence is merely colorable, or is not significantly probative," summary judgment is appropriate. *Id.* at 249–50, 106 S.Ct. at 2510–11 (citations omitted). Summary judgment is proper if the party opposing the motion fails to establish an essential element of his case. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23, 106 S.Ct. 2548, 2552–53, 91 L.Ed.2d 265 (1986). In evaluating the summary judgment motion, the court must read the facts in the light most favorable to the non-moving party. *Anderson*, 477 U.S. at 255, 106 S.Ct. at 2514.

## A.

It seems academic that unless a court has jurisdiction over a defendant, it is powerless to enter a judgment imposing a personal obligation or duty. *See Kulko v. Superior Court of California, Etc.*, 436 U.S. 84, 91, 98 S.Ct. 1690, 1696, 56 L.Ed.2d 132 (1978); *Pennoyer v. Neff*, 95 U.S. 714 (5 Otto), 732–33, 24 L.Ed. 565, 572 (1878). It is the Due Process Clause of the 14th Amendment which operates to limit the jurisdiction of courts in a forum state to affect the rights and interests of nonresident defendants. *Shaffer v. Heitner*, 433 U.S. 186, 97 S.Ct. 2569, 53 L.Ed.2d 683 (1977). The well-known *International Shoe* standard for determining whether the court has personal jurisdiction asks the question, does the non-resident defendant "have certain minimum contacts with [the forum state] such that the maintenance of the suit does not offend 'traditional notions of fair play and substantial justice' "? *International Shoe Co. v. Washington*, 326 U.S. 310, 316, 66 S.Ct. 154, 158, 90 L.Ed. 95 (1945). In effect, the existence

---

**1.** The plaintiff has filed a similar suit in the Civil District Court for the Parish of Orleans, State of Louisiana, entitled *Ronald Tichenor v. The Ro-* *man Catholic Church of the Archdiocese of New Orleans, et al.*, Civil Action No. 91–09416, Division "F".

of personal jurisdiction, then, turns on reasonable notice to the defendant, *Mullane v. Central Hanover Trust*, 339 U.S. 306, 313–14, 70 S.Ct. 652, 656–57, 94 L.Ed. 865 (1950), and a sufficient nexus between the defendant and the forum state to make it fair to require defense of the claims against the nonresident within the host forum. *Milliken v. Meyer*, 311 U.S. 457, 463–64, 61 S.Ct. 339, 342–43, 85 L.Ed. 278 (1940).

■ Here, jurisdiction is based on diversity of citizenship. A defendant is subject to personal jurisdiction in a federal diversity case only to the extent permitted in a state court in the state in which the federal court sits. *DeMelo v. Toche Marine, Inc.*, 711 F.2d 1260, 1264 (5 Cir.1983). This Court is governed by Mississippi law, then, and may only assert jurisdiction over the defendants if Mississippi's long-arm statute confers jurisdiction and if that jurisdiction comports with due process. *DeMelo, supra; Alford v. Whitsel*, 322 F.Supp. 358 (N.D.Miss.1971).

■ Mississippi's long-arm statute states: Any non-resident person, firm, general or limited partnership, or any foreign or other corporation not qualified under the Constitution and laws of this state as doing business herein, who shall make a contract with a resident of this state to be performed in whole or in part by any party in this state, or who shall commit a tort in whole or in part in this state against a resident or non-resident of this state, or who shall do any business or perform any character of work or service in this state, shall by such act or acts be deemed to be doing business in Mississippi, and shall thereby be subjected to the jurisdiction of the courts of this state.

Miss.Code Ann. § 13–3–57. The statute is applicable to three types of nonresident defendants: 1) those who make a contract with a resident to be performed in whole or in part within Mississippi; 2) those who commit a tort in whole or in part within Mississippi against a resident or a nonresident; and 3) those who are "doing business" in Mississippi. *See Cycles, Ltd v. W.J. Digby, Inc.*, 889 F.2d 612 (5 Cir.1989); *Thompson v. Chrysler Motors Corp.*, 755 F.2d 1162 (5 Cir.1985).[2]

The plaintiff contends that the Archdiocese and St. Rita's Church are subject to personal jurisdiction in Mississippi because they are nonresidents who have committed a tort in whole or in part within the state against another nonresident. For purposes of this motion, this Court must be concerned only with the events that occurred in Mississippi. The plaintiff alleges that Cinel engaged in homosexual activity with the plaintiff, while he was a minor, at Cinel's house in Mississippi, as well as at parishioners' homes that had been loaned to Cinel for various short vacations. The plaintiff further alleges that his presence at these homes in Mississippi was known to Father Tarantino, Cinel's co-pastor and supervisor at St. Rita's Church, Father Fraser, and other lay personnel of the church. It is the plaintiff's contention that these church officials knew that the plaintiff was staying overnight and should have known that homosexual activity would occur.

■ Essentially, the plaintiff seeks to place liability on the Archdiocese and St. Rita's Church on the basis of respondeat superior, as well as under theories of negligent hiring and negligent supervision. The test for determining whether an employee's tortious act is within the scope of his employment is whether the act was done. in the course of and as a means to accomplishing the purpose of his employment. *See Odier v. Sumrall*, 353 So.2d 1370, 1372 (Miss.1978). An employee is said to be outside the scope of his employment "so long as he is engaged in affairs of his own or in pursuing some purpose unrelated to his master's business." *Seedkem South Inc. v. Lee*, 391 So.2d 990, 995 (Miss.1980). An employer, moreover, is not liable for the intentional or criminal acts of an employee unless the employer either authorized the act prior to or ratified the act after its commission, or unless the act was committed within the scope of employment. *See Saulsberry v. Atlantic Richfield*, 673 F.Supp. 811 (N.D.Miss.1987); *Thatcher v.*

---

**2.** Mississippi's long-arm statute is not co-extensive with federal due process. *Cycles, Ltd., supra*, at 616–617.

*Brennan,* 657 F.Supp. 6 (S.D.Miss.1986), *aff'd* 816 F.2d 675 (5 Cir.1987).

■ This Court must first ask whether the illicit sex was within the course and scope of Cinel's employment as a Catholic priest? Illicit sex acts were neither in furtherance of Cinel's duties as a priest, nor can one say they advanced the Church's doctrine. The Church condemns such acts, and Cinel's conduct violated his vow of celibacy and the Church's rigid stand against homosexual practices. Although plaintiff suggests that Cinel was at all times and at every hour a priest and thus always in the scope of his employment, that fact is unilluminating. His homosexual encounters can hardly be viewed as intertwined with his pastoral responsibilities.

Equally important, the plaintiff has failed to point to any evidence that the defendants either authorized Cinel's habits prior to their commission or ratified them afterwards. The case literature teaches that summary judgment is proper if the party opposing the motion fails, as is the case here, to establish an essential element of his theory of relief. *See Celotex Corp. v. Catrett,* 477 U.S. at 322–23, 106 S.Ct. at 2552–53. This Court must grant summary judgment as to the claims against the Archdiocese and St. Rita's Church that rely on a theory of respondeat superior.

### B.

■ The plaintiff also claims that the defendants were guilty of negligent hiring. Mississippi does recognize an employer's duty to exercise due care in hiring. *See Thatcher v. Brennan,* 657 F.Supp. 6, 10 (S.D.Miss.1986), *aff'd* 816 F.2d 675 (5 Cir. 1987); *Jones v. Toy,* 476 So.2d 30 (Miss. 1985). But under Mississippi law, an employer may be charged with an employee's negligence and be liable for resulting injuries "if the master knew or should have known" of the employee's incompetence. *Thatcher,* 657 F.Supp. at 10; *Jones,* 476 So.2d at 31. In order to establish negligent hiring in this instance, the plaintiff must show that the defendants knew or should have known of prior sexual improprieties by Cinel. *See Schultz v. Evelyn Jewell, Inc.,* 476 F.2d 630,

631 (5 Cir.1973); *Thatcher, supra* at 11. The mere possibility of sexual impropriety is simply not enough. *Thatcher, supra* at 11.

The plaintiff surmises that even a minimal background check would have uncovered that Dino Cinel had engaged in extensive homosexual activity. But that conclusion is unsupported on this record. At issue is whether Cinel had engaged in deviant sexual activity with minors. At the time the defendants hired him, Dino Cinel had neither a prior criminal record nor a history of sexual improprieties while associated with any other parish or church. Moreover, there is no evidence that such improprieties were even suspected of Cinel prior to his hiring. Dino Cinel, in fact, hid his sexual orientation and his sexual activities. The only reason this activity is now known is that Dino Cinel has now given an overview of his sexual history in a deposition in connection with a suit by a former lover.

Plaintiff has not shown beyond surmise that the defendants either knew or should have known that Cinel would engage in homosexual activity with a minor.

### C.

■ This Court also holds that the defendants are not liable for failing to properly supervise Cinel. Under Mississippi law, an employer does not have a duty to supervise his employees when they are not working. *Williams v. U.S. Fidelity & Guaranty Co.,* 854 F.2d 106 (5 Cir.1988). Moreover, no liability attaches to an employer for injuries occurring after the employer failed to supervise an employee at work when some independent and intervening criminal conduct caused the injuries. *Id.* at 109. Nor is an employer required to uncover clandestine, personal activities of the employees. *Id.*

Even if the Court assumes that the plaintiff was a minor at the time he encountered Dino Cinel, no basis has been established upon which the Church could be held liable for failing to supervise Cinel. The plaintiff and Cinel admit that they hid their sexual relationship from the defendants and the parishioners at the church. Cinel told everyone that the plaintiff was a homeless boy

whom he had discovered sleeping under highway bypass, and that Cinel's involvement with him was purely charitable. That story would not be unreasonable, coming from a man of the cloth. The plaintiff has produced no evidence that the defendants knew or should have known that, in fact, plaintiff and Cinel were having a homosexual relationship. Actually, the evidence that does exist tells a different story: that as soon as Father Tarantino discovered the pornographic materials in Cinel's room in 1988, church officials acted swiftly remove Cinel from St. Rita's Church. If the plaintiff was a minor, then Cinel was engaged in clandestine, criminal conduct outside the scope of the defendants' duty to supervise. *Id.* at 109. Finally, and most importantly, the alleged acts that took place in Mississippi occurred when Cinel was not working, but, rather, was on vacation. Mississippi law imposes no duty to supervise an employee who is not at work. *Id.*

The burden of proving a prima facie case upon which jurisdiction is based rests with the plaintiff. *See Strong v. RG Industries, Inc.,* 691 F.Supp. 1017 (S.D.Miss.1988). The plaintiff has failed to carry that minimal burden as to the Catholic Archdiocese of New Orleans and St. Rita's Church. The motion for summary judgment filed by these defendants must be granted.

## II.

Next is the issue whether the plaintiff's claims of illicit sex, invasion of privacy, defamation, and libel against Dino Cinel are time barred. Under Mississippi law,

> All actions for assault, assault and battery, maiming, false imprisonment, malicious arrest, and all actions for slanderous words concerning the person or title, for failure to employ and for libels shall be commenced within one (1) year next after the cause of such action accrued, and not after.

*See* Miss.Code Ann. § 15–1–35 (Supp.1992). The Fifth Circuit has held that a tort that is not expressly covered but is of a similar type is subject to the one year statute of limitation for intentional torts. *See Guthrie v. J.C. Penney Co.,* 803 F.2d 202, 211 (5 Cir.1986). Invasion of privacy has been held to constitute an intentional tort subject to a one year

statute. *See Mize v. Harvey Shapiro Enterprises, Inc.,* 714 F.Supp. 220, 224 (N.D.Miss. 1989); *Andrews v. GAB Business Services, Inc.,* 443 F.Supp. 510 (N.D.Miss.1977). Although the plaintiff has not specifically alleged assault and battery, the claims of illicit sex are substantially and functionally similar to allegations of assault and battery.

In this case, the plaintiff reached majority age on November 12, 1986. His involvement with Cinel ended in December 1986. Under § 15–1–35, the plaintiff had one year from December 1986 to file suit for all the conduct alleged in this lawsuit. But the suit was not filed until June 1991. The plaintiff maintains that this lapse between the accrual of the cause of action and the filing of this suit occurred because the plaintiff was unaware of the damage that had been done to him. It was only after the plaintiff allegedly visited a psychologist, that he discovered that he had been damaged and had a claim against Cinel.

The plaintiff points out that under Miss. Code Ann. § 15–1–49 statutes of limitations are suspended where the injury or disease is latent. However, § 15–1–49 applies only "in actions for which no other period of limitation is prescribed." In this case these torts are covered by, § 15–1–35, the statute of limitations applicable to intentional torts. Moreover, aside from counsel's argument that the plaintiff was unaware of his trauma until visiting a psychologist, the Court has absolutely no evidence to substantiate a claim of latent injury. Consequently, even if § 15–1–35 did not apply, this Court could not find that the statute of limitations was tolled under § 15–1–49. There is simply no evidence of latency on this record.

The motion to dismiss for lack of in personam jurisdiction filed by the defendants, the Catholic Archdiocese of New Orleans and St. Rita's Church, is GRANTED.

The motion to dismiss on the ground that the claims asserted are barred by the statute of limitations filed by defendant Dino Cinel is GRANTED.